

# United States District Court

### Southern District of Ohio
### 100 East Fifth Street
### Cincinnati, Ohio 45202

Chambers of
Michael R. Barrett
District Judge

(513) 564-7660

RECEIVED 2007 JUL 31 A 10: 51 FINANCIAL DISCLOSURE OFFICE

July 23, 2007

Honorable Ortrie D. Smith
Chair, Judical Conference of
    The United States
Committee on Financial Disclosure
One Columbus Circle, N.E.
Washington, D.C.  20544

    Re:    Michael R. Barrett, Calendar Year 2006 Filing

Dear Judge Smith:

    I am writing in response to your correspondence dated July 6, 2007 regarding my financial submission.  Your letter outlines the following areas of inquiry:

    Part VII, Page 1, line 17
        Page 2, Line 25
        Page 7, Line 107
        Page 8, Line 123

I offer the following information regarding these inquiries.

    Part VII, Page 1, Line 17 refers to "Huntington Bank Stock".  This stock was sold on July 15, 2004 for $12,699.

    Part VII, Page 2, line 25 referring to "OPERS Retirement Fund".  The existence of the Public Employees Retirement System was disclosed in my previous filing in Part VIII, II Agreements.  As I am no longer employed in a capacity subject to OPERS that retirement fund is available in a lump sum payment and was reported in Part VII in the more recent

July 23, 2007
Page Two

disclosure. I intend to exercise the option, in the amount of $14,232.21 and have the account closed.

Part VII, Page 7, Line 107 - "Trust No. 2". This item was inadvertently omitted from my prior filing. This is a trust which was set up by ███████ on October 28, 1986 with the U.S. Bank as Trustee. In 1999 the trust was restated naming ██████ as Trustee and effective March 17, 2004 myself, as well as ██████████ were named co-trustees. I include documentation provided by the bank outlining the above. I have recently resigned as a Co-Trustee.

Part VII, Page 8, Line 123 - "Trust No. 3", the above response as to Trust No. 2 would be repeated here.

I hope this information is helpful to you and please contact me if there is anything further you need.

Sincerely,

Michael R. Barrett,
United States District Judge

MRB/cmd
Encls:

RECEIVED

2009 JUL 31  A 10: 52

FINANCIAL
DISCLOSURE OFFICE

## 2004 RESTATEMENT OF AGREEMENT OF TRUST
### ORIGINALLY DATED OCTOBER 28, 1986
### ███████████████ TRUST

THIS 2004 RESTATEMENT OF AGREEMENT OF TRUST, made and entered into at Cincinnati, Ohio, on this 11th day of March, 2004 by ████████████████████ as Grantor, and ███████████████ as Trustee.

## WITNESSETH:

WHEREAS, ██████████████████, as Grantor, and US BANK, NA (formerly known as Firstar Bank, N.A. and as First National Bank of Cincinnati) did on the 28th day of October, 1986, make and enter into an Agreement of Trust (the "Original Trust Agreement") to set forth the terms, provisions and conditions upon which certain property should be held in the trusts established thereby; and

WHEREAS, the Original Trust Agreement reserved to Grantor the right and power, during her lifetime, to amend and modify any of the terms and provisions thereof; and

WHEREAS, Grantor, acting in accordance with the terms of the 1999 Restatement, has removed US BANK, NA as Trustee of this Trust and has appointed ██████████████ as successor Trustee of the Trust; and

WHEREAS, the Original Trust Agreement most recently was restated in its entirety by the 1999 Restatement of Agreement of Trust executed by Grantor and US Bank, NA on May 14, 1999 (the "1999 Restatement"); and

WHEREAS, the 1999 Restatement reserved to Grantor the right and power, during her lifetime, to amend and modify any of the terms and provisions thereof; and

WHEREAS, it is now considered desirable to set forth the terms and conditions of the 1999 Restatement, as amended, with certain changes therein as hereinafter set forth;

NOW, THEREFORE, Grantor and Trustee execute this instrument for the purpose of restating the trust in its entirety and do hereby agree that this instrument shall constitute the amended Trust Agreement, in its entirety, as of this date. The Trust Agreement as restated, therefore, shall read as follows:

### ARTICLE 1

### IDENTITY OF PARTIES

1.1  Grantor.  All references in this instrument to the "Grantor" mean ████████████████ ███████████

1.2  Children.  All references in this instrument to the ████████ mean Grantor's ███████████████████████████ and

, and Grantor's ███████████████████. All references in this instrument to a "████████████████████████████████████

## ARTICLE 2

### TRUST DESIGNATION AND ASSETS

2.1    Designation.    The trust or trusts established by this instrument shall be known collectively as the "████████████Trust." Each separate trust established hereunder for the primary benefit of a person shall be known by the name of that person.

2.2    Assets.    Properties acceptable to the Trustee have been or may be transferred by the Grantor or by others to the Trustee as a part of the trust property.  The Trustee shall hold, administer, and distribute the trust estate in accordance with the terms of this instrument.

## ARTICLE 3

### DISTRIBUTIONS DURING LIFETIME OF GRANTOR

While the Grantor is living, the Trustee shall distribute to the Grantor so much of the income and principal of the trust property as the Grantor directs in writing.  The Trustee shall also distribute to the Grantor, so much of the income and principal of the trust property as the Trustee determines to be necessary for the Grantor's health, support, and maintenance or for any other purpose the Trustee determines to be in the Grantor's best interests.

## ARTICLE 4

### ADMINISTRATION OF TRUST FOLLOWING GRANTOR'S DEATH

4.1    Collection of Assets.    Upon Grantor's death, the Trustee shall collect and hold as part of the trust property whatever sums become due to the Trustee as beneficiary of deferred compensation policies or other assets.  In addition, the Trustee shall receive and hold as part of the trust any property passing to the Trustee from Grantor's testamentary estate.  The composite of the above, including any property that is already held in trust, is hereinafter called the "Trust Estate."

4.2    Personal Effects.    If the Trustee holds any Personal Effects of Grantor as part of the Trust Estate, the Trustee shall distribute such Personal Effects in equal shares among the ███████████████████, per stirpes.

A.    Memorandum.    Notwithstanding any provision to the contrary in this Section 4.2, if Grantor leaves a memorandum, letter or other writing in which Grantor identifies the individuals or organizations to which Grantor would like particular items of the Personal Effects to be distributed (the "Memorandum"), Grantor requests, but does not require, that the Trustee comply with the Memorandum, in the Trustee's sole discretion.  The Trustee shall not be liable or accountable to any person as a result of complying with the Memorandum.  Any items

TRUST                                                    - 2 -

B.  Appointment of Additional Trustees.  Effective as of March 17, 2004 or the date of Grantor's death, whichever occurs first, the initial Trustee ██████████████ ████████████████, namely, ████████████████████████████ ████████████████████████████████████████████████ all shall serve together as Co-Trustees of each trust created hereunder.  All of such Co-Trustees shall hereinafter be referred to collectively as the ███████Trustees" and individually as a ███████ Trustee."

10.2    Resignation of Trustee.  Any Trustee may resign from any trust without the necessity of any court proceedings upon satisfying the following conditions:

A.  Notice.  Such resigning Trustee shall give thirty (30) days' written notice of such Trustee's resignation to (i) the remaining Trustee or Trustees of such trust, if any, and (ii) each beneficiary who is then eligible or entitled to receive distributions from such trust.

B.  Accounting.  If and to the extent required by the successor Trustee, such resigning Trustee shall give an accounting for the administration of the trust to the successor Trustee.  Each successor Trustee shall be fully protected in relying on such accounting.

10.3    Removal of Trustee.

A.  During Grantor's Lifetime.  During Grantor's lifetime, Grantor may remove any Trustee by written notice to such Trustee and may appoint a successor Trustee to serve in place of such removed Trustee.

B.  After Grantor's Death.

(1)    General.  Subject to the limitation set forth in paragraph (2) below, following Grantor's death, any Trustee or any one or more Co-Trustees (including ████████████ Trustee ███████████ Trustees) of any separate trust held under this instrument may be removed, by written notice to such Trustee or Co-Trustee, by (i) ███████who is a current beneficiary or such trust, or, if ████████ is then a current beneficiary of such trust, or (b) a majority of the beneficiaries then eligible or entitled to receive distributions from such trust.  For purposes of this paragraph (1), ████████ shall be deemed to be a "current beneficiary" of a trust if, at the time of the proposed removal of a Trustee or Co-Trustee hereunder, such ████████ is then eligible or entitled to receive distributions of income or principal from such trust.

(2)    Limitation On Exercise of Removal Power.  In no event shall any beneficiary or group of beneficiaries described in clause (b), the first sentence of paragraph (1) above exercise his, her or its right to remove a Trustee or Co-Trustee of any separate trust hereunder more than once during any one period of twenty-four (24) consecutive months.

C.  Successor To Removed Trustee.  Upon the removal of any Trustee or Co-Trustee of any trust pursuant to the terms of this instrument, and except as otherwise provided herein, the successor to such removed Trustee shall be determined in the same manner as if such

TRUST                                                          - 15 -

STATE OF OHIO    )
                                    : SS:
COUNTY OF HAMILTON   )

BE IT REMEMBERED, That on this 11th day of March, 2004, before me, the subscriber, a Notary Public in and for such County and State, personally appeared ███████ ████████, Grantor in the foregoing Trust Agreement, and acknowledged the signing thereof to be her voluntary act and deed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal on the day and year last aforesaid.

H. BRUN
ttorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Date. Section 147.03 O.R.C.

STATE OF OHIO     )
                                    : SS:
COUNTY OF HAMILTON   )

BE IT REMEMBERED, That on this 11th day of March, 2004, before me, the subscriber, a Notary Public in and for such County and State, personally appeared ███████████ Trustee in the foregoing Trust Agreement, and acknowledged the signing thereof to be her voluntary act and deed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal on the day and year last aforesaid.

The foregoing Trust was prepared by
KEATING, MUETHING & KLEKAMP, P.L.L.
████████████████
Cincinnati, Ohio ████

JAMES H. BRUN
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Date. Section 147.03 O.R.C.

1231254_1

15.3    Survivorship. No person shall be deemed to have survived the Grantor or to be living for purposes of being entitled to any distribution, if that person dies within thirty (30) days after the date of the death of the Grantor.

15.4    Use of Words. Common nouns and pronouns shall be deemed to refer to the masculine, feminine, neuter, singular, or plural, as the context requires.

15.5    Invalid Provision. If any provision of this instrument is held unenforceable, the remaining provisions shall nevertheless be effective.

15.6    Titles, Headings, and Captions. All titles, headings, and captions in this instrument are for administrative convenience only. Any conflict between the headings and the text shall be resolved in favor of the text.

SIGNED the day and year first above written, in multiple originals.



AO 10
Rev. 1/2007

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2006

*Report Required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111)*

| 1. Person Reporting (last name, first, middle initial)<br><br>Barrett, Michael R | 2. Court or Organization<br><br>U.S. District Court | 3. Date of Report<br><br>05/08/2007 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>U.S. District Judge - Active | 5a. Report Type (check appropriate type)<br><br>☐ Nomination,    Date<br>☐ Initial   ☒ Annual   ☐ Final<br><br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2006<br>to<br>12/31/2006 |
| 7. Chambers or Office Address<br><br>Potter Stewart US Courthouse<br>100 East 5th Street, Room 815<br>Cincinnati, Ohio 45202 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ | |

> **IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

# I. POSITIONS. *(Reporting individual only; see pp. 9-13 of instructions.)*

☐ **NONE** *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. Shareholder (Former) | Barrett & Weber, LPA |
| 2. Partner | Old Walnut Company |
| 3. Trustee | ████████ Trust and ████████ Special Trust |
| 4. Trustee | ████████ Trust |
| 5. | |

# II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of instructions.)*

☐ **NONE** *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. 1985 | Graydon Head & Ritchey - Retirement Plan with former law firm, no control |
| 2. 1995 | Barrett & Weber LPA, Profit Sharing and 401K upon retirement at age 65 or upon termination |
| 3. 1995 | Barrett & Weber, LPA, ████ non-interest bearing. Funds upon termination |

RECEIVED 2007 MAY 15 P 1:50 FINANCIAL DISCLOSURE OFFICE

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. 2006 | Barrett & Weber LPA | $ 47,646.10 |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☒ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## IV. REIMBURSEMENTS — *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children. See pp. 25-27 of instructions.)*

☒ NONE *(No reportable reimbursements.)*

| SOURCE | DESCRIPTION |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

| Name of Person Reporting | Date of Report |
| --- | --- |
| Barrett, Michael R | 05/08/2007 |

## V. GIFTS. *(Includes those to spouse and dependent children. See pp. 28-31 of instructions.)*

[X] NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
| --- | --- | --- | --- |
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children. See pp. 32-33 of instructions.)*

[ ] NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
| --- | --- | --- | --- |
| 1. | Daimer Chrysler | Auto loan | J |
| 2. | US Bank | Auto loan | K |
| 3. | Visa | Credit card | J |
| 4. | American Express | Credit card | J |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Barrett, Michael R | 05/08/2007 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of the spouse and dependent children. See pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g. div., rent, or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g. buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| 1. Graydon Head & Ritchey Retirement Plan | | None | | T | Sell | 9/6 | M | | Rollover to Line 2 |
| 2. US Bank IRA Account | D | Dividend | M | T | Buy | 9/6 | M | | |
| 3. - Blackrock Basic Value Fund Inc. (mutal fund) | | | J | T | | | | | |
| 4. - Eaton Vance Large Cap Cl A (mutal fund) | | | K | T | | | | | |
| 5. - Fidelity Ad' International Discovery (mutal fund) | | | J | T | | | | | |
| 6. - First American Inflation Pro Sec (bond) | | | J | T | | | | | |
| 7. - First American Core Bond Fd (bond) | | | J | T | | | | | |
| 8. - First American Large Cap (mutal fund) | | | J | T | | | | | |
| 9. - First American Mid Cap (mutal fund) | | | J | T | | | | | |
| 10. - First American Mid Cap Value (mutal fund) | | | J | T | | | | | |
| 11. - First American Real Estate Sec. Fund (mutal fund) | | | J | T | | | | | |
| 12. - First American Small Cap Select (mutal fund) | | | J | T | | | | | |
| 13. - First American Small Cap Value (mutal fund) | | | J | T | | | | | |
| 14. - Laudus Rosen International (mutal fund) | | | J | T | | | | | |
| 15. - T. Rowe Price Mid Cap Value (mutal fund) | | | J | T | | | | | |
| 16. - T. Rowe Price Value Fund (mutal fund) | | | J | T | | | | | |
| 17. - First American Treasury (cash account) | | | L | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| 3. Value Method Codes (See Column C2) | P3 =$25,000,001 - $50,000,000 | R =Cost (Real Estate Only) | P4 =More than $50,000,000 | T =Cash Market | |
| | Q =Appraisal | V =Other | S =Assessment | | |
| | U =Book Value | | W =Estimated | | |

## VII. Page 2 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of spouse and dependent children. See pp. 34-60 of Instructions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amt. Code1 (A-H) | (2) Type (e.g. div, rent or int.) | C. Gross value at end of reporting period (1) Value Code2 (J-P) | (2) Value Method Code (Q-W) | D. Transactions during reporting period (1) Type (e.g. buy, sell, merger, redemption) | (2) Date Month Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| 18 Fifth Third Bancorp (common stock) | D | Div | O | T | | | | | |
| 19 Procter & Gamble (common stock) | D | Div | N | T | | | | | |
| 20 Old Walnut Company | E | Div | N | T | | | | | |
| 21 Barrett & Weber 401K | D | Div | M | T | | | | | |
| 22 Columbus Life Ins. | | None | J | W | | | | | |
| 23 Western & Southern Life Ins. | | None | K | W | | | | | |
| 24 J.M. Smucker (common stock) | A | Div | J | T | | | | | |
| 25 OPERS Retirement Fund | A | Int. | J | T | | | | | |
| 26 Barrett & Weber Profit Sharing | | None | E | T | Redemption | 7/11 | K | | |
| 27 St. Martin Association | | None | J | W | | | | | |
| 28 MFS Heritage Investment | A | Div. | J | T | Sell | 7/18 | J | | Rollover to Line 2 |
| 29 US Bank - Michael R. Barrett Foundation | B | Div | K | T | | | | | |
| 30  - Procter & Gamble (com. st). | | | | | Part Sale | 10/12 | J | | |
| 31  - Procter & Gamble (com. st). | | | | | Part Sale | 12.20 | J | | |
| 32  - Procter & Gamble (com. St). | | | | | | | | | |
| 33  - Fifth Third Bank (com. st.) | | | | | | | | | |
| 34 Barrett & Weber (com. st) | | None | | T | Sell | 6/5 | J | | Rollover to Line |

| | | | | | |
|---|---|---|---|---|---|
| 1 | Income/Gain Codes: (See Col. B1, D4) | A=$1,000 or less F=$50,001-$100,000 | B=$1,001-$2,500 G=$100,001-$1,000,000 | C=$2,501-$5,000 H1=$1,000,001-$5,000,000 | D=$5,001-$15,000 H2=More than $5,000,000 E=$15,001-$50,000 |
| 2 | Value Codes: (See Col. C1, D3) | J=$15,000 or less N=$250,001-$500,000 P3=$25,000,001-$50,000,000 | K=$15,001-$50,000 O=$500,001-$1,000,000 | L=$50,001-$100,000 P1=$1,000,001-$5,000,000 P4=More than $50,000,000 | M=$100,001-$250,000 P2=$5,000,001-$25,000,000 |
| 3 | Value Method Codes: (See Col. C2) | Q=Appraisal U=Book value | R=Cost (real estate only) V=Other | S=Assessment W=Estimated | T=Cash/Market |

# FINANCIAL DISCLOSURE REPORT

| Name of Person Reporting | Date of Report |
|---|---|
| Barrett, Michael R. | 5/8/2007 |

## VII. Page 3  INVESTMENTS and TRUSTS -- income, value, transactions  *(Includes those of spouse and dependent children.  See pp. 34-60 of Instructions.)*

| A. Description of Assets (including trust assets) | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Place "(X)" after each asset exempt from prior disclosure. | (1) Amt Code1 (A-H) | (2) Type (e.g. div, rent or int) | (1) Value Code2 (J-P) | (2) Value Method Code (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | (2) Date Month-Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| 35  Cintas Corp. (common stock) | A | Div. | J | T | Sell | 7/18 | J | D | Rollover to Line 37 |
| 36  Hospira Inc. (common stock) | | None | J | T | Sell | 7/18 | J | D | Rollover to Line 37 |
| 37  US Bank Agency Acct | C | Div | M | T | Buy | 7/18 | J | | |
| 38  - American Century New Opp. mutual fund | | | J | T | | | | | |
| 39  - Eaton Vance Large Cap Value Mutual Fund | | | J | T | | | | | |
| 40  - Fidelty Ad Intl Discovery mutual fund | | | J | T | | | | | |
| 41  - First American Real Estate mutual fund | | | J | T | | | | | |
| 42  - First American Mid Cap Value mutual fund | | | J | T | | | | | |
| 43  - First American Lg. Cap Value mutual fund | | | J | T | | | | | |
| 44  - First American Sm. Cap Select mutual fund | | | J | T | | | | | |
| 45  - Laudus Rosen Intl Mut. Fd | | | J | T | | | | | |
| 46  T. Rowe Price Mid Cap Grow mutual fund | | | J | T | | | | | |
| 47  - T. Rowe Price Mid Cap Value mutual fund | | | J | T | | | | | |
| 48  - T. Rowe Price Value Fund mutual fund | | | J | T | | | | | |
| 49  - Laudus Intl Mrktmasters mutual fund | | | J | T | | | | | |
| 50  - Abbott Labs (Com. st) | | | K | T | | | | | |
| 51  - First American Core Bd Fd Bonds | | | J | T | | | | | |

| 1 | Income/Gain Codes: (See Col. B1, D4) | A=$1,000 or less  B=$1,001-$2,500  C=$2,501-$5,000  D=$5,001-$15,000  E=$15,001-$50,000 F=$50,001-$100,000  G=$100,001-$1,000,000  H1=$1,000,001-$5,000,000  H2=More than $5,000,000 |
|---|---|---|
| 2 | Value Codes: (See Col. C1, D3) | J=$15,000 or less  K=$15,001-$50,000  L=$50,001-$100,000  M=$100,001-$250,000 N=$250,001-$500,000  O=$500,001-$1,000,000  P1=$1,000,001-$5,000,000  P2=$5,000,001-$25,000,000 P3=$25,000,001-$50,000,000  P4=More than $50,000,000 |
| 3 | Value Method Codes: (See Col. C2) | Q=Appraisal  R=Cost (real estate only)  S=Assessment  T=Cash/Market U=Book value  V=Other  W=Estimated |

## VII. Page 4 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of spouse and dependent children. See pp. 34-60 of Instructions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure. | B. Income during reporting period (1) Amt. Code1 (A-H) | B. (2) Type (e.g., div., rent or int.) | C. Gross value at end of reporting period (1) Value Code2 (J-P) | C. (2) Value Method Code (Q-W) | D. Transactions during reporting period (1) Type (e.g. buy, sell, merger, redemption) | If not exempt from disclosure (2) Date Month-Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| 52 – First American Inflation Bond | | | J | T | | | | | |
| 53 – First American Treasury cash | | | J | T | | | | | |
| 54 US Bank Custodial | | None | | | Sell | 1/30 | L | | Rollover to Line 56 |
| 55 AG Edwards – custodial | | None | | | Sell | 2/2 | K | | Rollover to Line 56 |
| 56 Trust #1 | D | Div | N | t | Buy | 2/2 | M | | |
| 57 _ First American Lg. Cap Growth mutual fund | | | | | sell | 1/30 | J | | |
| 58 – First American Lg. Cap Value mutual fund | | | | | Sell | 1/30 | K | | |
| 59 – First American Lg. Cap Fund mutual fund | | | | | Sell | 1/30 | J | | |
| 60 – First American Mid Cap Index mutual fund | | | | | Sell | 1/30 | J | | |
| 61 – Cintas Corp (com. St) | | | | | Sell | 1/30 | J | | |
| 62 – First American Lg. Cap Value Mutual fund | | | | | Buy | 2/3 | K | | |
| 63 – Merrill Lynch Fund Group mutual fund | | | | | Buy | 2/3 | K | | |
| 64 – Eaton Vance Lg. Cap Value mutual fund | | | | | Buy | 2/3 | K | | |
| 65 – T. Rowe Price Intl Group mutual fund | | | | | Buy | 2/3 | K | | |
| 66 – Laudus Intl Mktmasters mutual fund | | | | | Buy | 2/3 | J | | |
| 67 – Laudus Rosen Intl Mutual Fund | | | | | Buy | 2/3 | J | | |
| 68 – First American Mid Cap Value mutual fund | | | | | Buy | 2/3 | J | | |

| 1 | Income/Gain Codes: (See Col. B1, D4) | A=$1,000 or less F=$50,001-$100,000 | B=$1,001-$2,500 G=$100,001-$1,000,000 | C=$2,501-$5,000 H1=$1,000,001-$5,000,000 | D=$5,001-$15,000 H2=More than $5,000,000 | E=$15,001-$50,000 |
|---|---|---|---|---|---|---|
| 2 | Value Codes: (See Col. C1, D3) | J=$15,000 or less N=$250,001-$500,000 P3=$25,000,001-$50,000,000 | K=$15,001-$50,000 O=$500,001-$1,000,000 | L=$50,001-$100,000 P1=$1,000,001-$5,000,000 P4=More than $50,000,000 | M=$100,001-$250,000 P2=$5,000,001-$25,000,000 | |
| 3 | Value Method Codes: (See Col. C2) | Q=Appraisal U=Book value | R=Cost (real estate only) V=Other | S=Assessment W=Estimated | T=Cash/Market | |

## VII. Page 5 INVESTMENTS and TRUSTS -- income, value, transactions   *(Includes those of spouse and dependent children. See pp. 34-60 of Instructions.)*

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period (1) Amt Code 1 (A-H) | (2) Type (e.g. div, rent or int.) | C Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D Transactions during reporting period (1) Type (e.g. buy, sell, merger, redemption) | If not exempt from disclosure (2) Date Month-Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| - First American Mid Cap Growth mutual fund | | | | | Buy | 2/3 | J | | |
| - First American Sm. Cap Select mutual fund | | | | | Buy | 2/3 | J | | |
| - First American Real Estate mutual fund | | | | | Buy | 2/3 | J | | |
| - First American Inflation mutual fund | | | | | Buy | 2/3 | J | | |
| - First American Lg. Cap Value mutual fund | | | | | Sell | 2/3 | K | | |
| - First American Mid Cap Index mutual fund | | | | | Sell | 2/3 | J | | |
| - First American Lg. Cap Growth mutual fund | | | | | Sell | 2/3 | J | | |
| - First American Sm. Cap Select mutual fund | | | | | Buy | 2/6 | J | | |
| - First American Mid Cap Growth mutual fund | | | | | Buy | 2/6 | J | | |
| - First American Mid Cap Value mutual fund | | | | | Buy | 2/6 | j | | |
| - Blackrock Fundamental mutual fund | | | | | | | | | |
| - Laudus Intl Mrktmasters mutual fund | | | | | Buy | 4/6 | K | | |
| - Ishares Msci Emergency Markets mutual fund | | | | | Buy | 4/24 | J | | |
| - Amgen, Inc. (com. st) | | | | | Buy | 6/20 | J | | |
| - MFS Mass Inv. Growth mutual fund | | | | | Sell | 6/16 | J | | |
| - Apple Computer Inc. (co, st.) | | | | | Buy | 6/20 | J | | |
| - Schlumberger Ltd (com. st.) | | | | | Buy | 6/20 | J | | |

1. Income/Gain Codes: A=$1,000 or less   B=$1,001-$2,500   C=$2,501-$5,000   D=$5,001-$15,000   E=$15,001-$50,000
(See Col. B1, D4)   F=$50,001-$100,000   G=$100,001-$1,000,000   H1=$1,000,001-$5,000,000   H2=More than $5,000,000

2. Value Codes:   J=$15,000 or less   K=$15,001-$50,000   L=$50,001-$100,000   M=$100,001-$250,000
(See Col. C1, D3)   N=$250,001-$500,000   O=$500,001-$1,000,000   P1=$1,000,001-$5,000,000   P2=$5,000,001-$25,000,000
P3=$25,000,001-$50,000,000   P4=More than $50,000,000

3. Value Method Codes: Q=Appraisal   R=Cost (real estate only)   S=Assessment   T=Cash/Market
(See Col. C2)   U=Book value   V=Other   W=Estimated

# FINANCIAL DISCLOSURE REPORT

Name of Person Reporting: Barrett, Michael R.

Date of Report: 5/8/2007

## VII. Page 6 INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children. See pp. 34-60 of Instructions.)

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period (1) Amt Code1 (A-H) | (2) Type (e.g. div, rent or int) | C Gross value at end of reporting period (1) Value Code2 (J-P) | (2) Value Method Code (Q-W) | D Transactions during reporting period (1) Type (e.g. buy, sell, merger, redemption) | If not exempt from disclosure (2) Date Month Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| - Starbucks Corp. (com. st.) | | | | | Buy | 6/20 | J | | |
| - Pepsico, Inc. (com. st.) | | | | | Buy | 6/20 | J | | |
| - Apache Corp. (com. st.) | | | | | Buy | 6/20 | J | | |
| - Novartis AGADR (com. st.) | | | | | Buy | 6/20 | J | | |
| - US Bancorp (com. st.) | | | | | Part Sale | 6/20 | K | | |
| - Bank of America (com. st.) | | | | | Sell | 6/20 | j | | |
| - CMS Energy Corp. (com. St.) | | | | | Sell | 6/20 | J | | |
| - Motorola Inc. (com. St.) | | | | | Part Sale | 6/20 | J | | |
| - Convergys Corp. (com. st.) | | | | | Part Sale | 6/20 | J | | |
| - Exxon Mobil Corp (com. st.) | | | | | Buy | 8/25 | J | | |
| - United Health Care (com. st.) | | | | | Buy | 8/25 | J | | |
| - us Bancorp (co,. st.) | | | | | Part Sale | 8/25 | J | | |
| - Convergys Corp. (com. st.) | | | | | Part Sale | 8/25 | J | | |
| - Home Fed. Loan Bank (Bonds) | | | | | Buy | 8/28 | J | | |
| - US Bancorp (com. st.) | | | | | Part Sale | 7/14 | J | | |
| - Bank of America (com.st.) | | | | | | | | | |
| - First Data Corp. (com. St.) | | | | | | | | | |

NONE (No reportable income, assets, or transactions)

1. Income/Gain Codes (See Col. B1, D4): A=$1,000 or less B=$1,001-$2,500 C=$2,501-$5,000 D=$5,001-$15,000 E=$15,001-$50,000 F=$50,001-$100,000 G=$100,001-$1,000,000 H1=$1,000,001-$5,000,000 H2=More than $5,000,000

2. Value Codes (See Col. C1, D3): J=$15,000 or less K=$15,001-$50,000 L=$50,001-$100,000 M=$100,001-$250,000 N=$250,001-$500,000 O=$500,001-$1,000,000 P1=$1,000,001-$5,000,000 P2=$5,000,001-$25,000,000 P3=$25,000,001-$50,000,000 P4=More than $50,000,000

3. Value Method Codes (See Col. C2): Q=Appraisal R=Cost (real estate only) S=Assessment T=Cash/Market U=Book Value V=Other W=Estimated

## VII. Page 7 INVESTMENTS and TRUSTS -- income, value, transactions  *(Includes those of spouse and dependent children. See pp. 34-60 of Instructions.)*

| A Description of Assets (including trust assets) | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Place "(X)" after each asset exempt from prior disclosure | (1) Amt Code1 (A-H) | (2) Type (e.g. div, rent or int.) | (1) Value Code2 (J-P) | (2) Value Method Code3 (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | If not exempt from disclosure | | | |
| | | | | | | (2) Date Month Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| - Freescale semiconductors (com. St.) | | | | | | | | | |
| - Hillenbrand Ind. (com. st.) | | | | | | | | | |
| - Motorola, Inc. (com. st.) | | | | | | | | | |
| - First American Treasury - Cash | | | | | | | | | |
| Trust No. 2 | M | Div. | P2 | Y | | | | | |
| - Bank of America (com. st.) | | | | | | | | | |
| - Bristol-Myers Squibb (com, st) | | | | | | | | | |
| - Citigroup (com. stock) | | | | | | | | | |
| - Conocophillips (com. st.) | | | | | | | | | |
| - Exxon Mobil Corp. (com. st.) | | | | | | | | | |
| - General Electric (com. sto) | | | | | | | | | |
| - Intel Corp (com. st.) | | | | | | | | | |
| - J.P. Morgan Chase (com. st) | | | | | | | | | |
| - Procter & Gamble (com. st.) | | | | | | | | | |
| - Rockwell Automation (com. st) | | | | | | | | | |
| - Rockwell Collins (com. st,) | | | | | | | | | |
| Schlumberg (com. st.) | | | | | | | | | |

1 Income/Gain Codes: A=$1,000 or less   B=$1,001-$2,500   C=$2,501-$5,000   D=$5,001-$15,000   E=$15,001-$50,000
(See Col B1, D4)   F=$50,001-$100,000   G=$100,001-$1,000,000   H1=$1,000,001-$5,000,000   H2=More than $5,000,000

2 Value Codes:   J=$15,000 or less   K=$15,001-$50,000   L=$50,001-$100,000   M=$100,001-$250,000
(See Col C1, D3)   N=$250,001-$500,000   O=$500,001-$1,000,000   P1=$1,000,001-$5,000,000   P2=$5,000,001-$25,000,000
P3=$25,000,001-$50,000,000   P4=More than $50,000,000

3 Value Method Codes: Q=Appraisal   R=Cost (real estate only)   S=Assessment   T=Cash/Market
(See Col C2)   U=Book value   V=Other   W=Estimated

## VII. Page 8 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of spouse and dependent children. See pp. 34-60 of Instructions.)*

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amt Code 1 (A-H) | (2) Type (e.g. div. rent or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | (2) Date Month Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| - US Bancorp (com. st) | | | | | | | | | |
| - Mesquite Tx Indpt (Com. st) | | | | | | | | | |
| - First American Treasury - Cash Trust No. 3 | E | Div | P1 | T | | | | | |
| - Capital One Fine (com. st) | | | | | | | | | |
| - Caterilllar Inc. (com St.) | | | | | | | | | |
| - Chevron Corp (com. st.) | | | | | | | | | |
| - Comerica, Inc. (com. st). | | | | | | | | | |
| - Exxon Mobil Corp. (com. St.) | | | | | | | | | |
| - General Electric Co. (com. st) | | | | | | | | | |
| - Hartford Financial (co, st.) | | | | | | | | | |
| - ITT Corp. (com st.) | | | | | | | | | |
| - J.P. Morgan (com st.) | | | | | | | | | |
| - Johnson & Johnson (com. St.) | | | | | | | | | |
| - Lehman Bros, (com. st.) | | | | | | | | | |
| - Wells Fargo & Co. (com. st.) | | | | | | | | | |
| - Fort WA Private - Bond | | | | | | | | | |

1. Income/Gain Codes: A=$1,000 or less   B=$1,001-$2,500   C=$2,501-$5,000   D=$5,001-$15,000   E=$15,001-$50,000
(See Col. B1, D4)   F=$50,001-$100,000   G=$100,001-$1,000,000   H1=$1,000,001-$5,000,000   H2=More than $5,000,000

2. Value Codes:   J=$15,000 or less   K=$15,001-$50,000   L=$50,001-$100,000   M=$100,001-$250,000
(See Col. C1-D3)   N=$250,001-$500,000   O=$500,001-$1,000,000   P1=$1,000,001-$5,000,000   P2=$5,000,001-$25,000,000
P3=$25,000,001-$50,000,000   P4=More than $50,000,000

3. Value Method Codes: Q=Appraisal   R=Cost (real estate only)   S=Assessment   T=Cash/Market
(See Col. C2)   U=Book value   V=Other   W=Estimated

## VII. Page9 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of spouse and dependent children. See pp. 34-60 of Instructions.)*

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amt Code1 (A-H) | (2) Type (e.g. div rent or int.) | (1) Value Code2 (J-P) | (2) Value Method Code3 (Q-W) | (1) Type (e.g. buy, sell merger redemption) | If not exempt from disclosure | | | |
| | | | | | | (2) Date Month Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| - First American Treasury Cash | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

1. Income/Gain Codes: A=$1,000 or less  B=$1,001-$2,500  C=$2,501-$5,000  D=$5,001-$15,000  E=$15,001-$50,000
   (See Col. B1, D4)  F=$50,001-$100,000  G=$100,001-$1,000,000  H1=$1,000,001-$5,000,000  H2=More than $5,000,000

2. Value Codes:  J=$15,000 or less  K=$15,001-$50,000  L=$50,001-$100,000  M=$100,001-$250,000
   (See Col. C1, D3)  N=$250,001-$500,000  O=$500,001-$1,000,000  P1=$1,000,001-$5,000,000  P2=$5,000,001-$25,000,000
   P3=$25,000,001-$50,000,000  P4=More than $50,000,000

3. Value Method Codes: Q=Appraisal  R=Cost (real estate only)  S=Assessment  T=Cash/Market
   (See Col. C2)  U=Book value  V=Other  W=Estimated

| Name of Person Reporting | Date of Report |
|---|---|
| Barrett, Michael R | 05/08/2007 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

II. Agreements:

2005 OPERS Retirement Fund with former employer, no control

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signatu████████████████████████ Date _May 12, 2007_

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

---

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544